IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | |
|---|---|
| United States of America, | Cr. No. 0:11-241-CMC |
| v. | |
| Karlos Gibson, | **Opinion and Order** |
| Defendant. | |

On June 30, 2016, Defendant filed a *pro se* motion under 28 U.S.C. § 2255 to vacate his sentence in light of *Johnson v. United States*, 576 U.S. __, 135 S.Ct. 2551 (2015) and *Welch v. United States*, 578 U.S. __, 136 S.Ct. 1257 (2016). ECF No. 98.[1] The Government filed a motion for summary judgment and a memorandum in support/response in opposition to Defendant's § 2255 motion. ECF No. 104. On September 15, 2016, Defendant filed a reply. ECF No. 107.

### I.    Background

On February 16, 2011, Defendant was indicted for Conspiracy to Possess with Intent to Distribute cocaine base and cocaine in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 841(b)(1)(B), and possession with intent to distribute cocaine base in violation of 21 U.S.C. §§ 841(a)(1) and 841 (b)(1)(A). ECF No. 2. On March 23, 2011, the Government filed an Information pursuant to 21 U.S.C. § 851, notifying Defendant that he was subject to increased penalties based on two prior convictions for felony drug offenses. ECF No. 35.

---

[1] Defendant also asserts an argument that he has provided substantial assistance which "the federal prosecutor refused to bring this matter to this court's attention." Insofar as Defendant contends he is entitled to a sentence reduction under Rule 35, he may file a motion to compel. A § 2255 motion is not the proper vehicle for such an argument.

On May 18, 2011, Defendant entered into a written plea agreement to plead guilty to count 1 of the indictment, conspiracy to possess with intent to distribute more than 500 grams of cocaine and more than 280 grams of "crack" cocaine. ECF No. 46. The same day, Defendant appeared before this court and pled guilty as above. ECF No. 49.

A Pre-Sentence Report (PSR) concluded Defendant had at least two prior felony convictions of either a crime of violence or a controlled substance offense, and therefore was classified as a career offender pursuant to U.S.S.G. §4B1.1(b). ECF No. 64. Defendant's predicate offenses were possession with intent to distribute marijuana and criminal domestic violence of a high and aggravated nature ("CDVHAN"). *Id.* Defendant's guideline range as a career offender was 262-327 months.

Defendant filed an objection to the PSR, arguing that his CDVHAN conviction did not count as a predicate offense for career offender purposes. ECF No. 56-3. Defendant also filed a sentencing memorandum, providing further support for the argument made in the objection. ECF No. 57. The Government replied, arguing that the CDVHAN did qualify as a crime of violence for career offender purposes. ECF No. 58.

On August 17, 2011, Defendant appeared for sentencing. ECF No. 59. Defendant's objection to the use of CDVHAN as a career offender predicate was overruled, but a defense motion for downward departure based on overrepresentation of criminal history was granted. The court sentenced Defendant outside the applicable career offender range to the statutory mandatory minimum 240 months imprisonment, with ten years of supervised release to follow. ECF No. 60. On August 3, 2015, an Amended Judgment was entered, reducing Defendant's sentence to 204 months. ECF No. 82.

**II.     Impact of *Johnson* and *Welch***

On June 26, 2015, the Supreme Court held that the residual clause of the Armed Career Criminal Act ("ACCA") violates due process as it "denies fair notice to defendants and invites arbitrary enforcement by judges." 576 U.S. at __, 135 S. Ct. 2551 (2015). By holding the ACCA residual clause unconstitutionally vague, the Court narrowed the predicate offenses that could serve to enhance a sentence to those that qualify under the enumerated or force clauses. The ACCA residual clause can no longer support a defendant's classification as an armed career criminal. On April 18, 2016, the Supreme Court decided *Welch v. United States*, 578 U.S. __, 136 S.Ct. 1257 (2016), holding that the newly established right recognized in *Johnson* is retroactive to cases on collateral review.

In order for Defendant to be entitled to relief, the newly recognized right established in *Johnson* must be applicable not only to the ACCA, but to the career offender portion of the Sentencing Guidelines, which, at the time of Defendant's sentencing, contained a residual clause in its definition of "crime of violence."[2] That residual clause, similar to the one in the ACCA, explained that "any other offense that is a felony and that, by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense" may be used as a predicate offense for career offender purposes. 18 U.S.C. § 16 (b); U.S.S.G. § 4B1.2 (2008).

---

[2] The definition of "crime of violence" for career offender purposes, revised effective August 1, 2016, no longer contains a residual clause.

3

The Fourth Circuit recently noted that it was "not persuaded" that *Johnson* applied only to the ACCA's residual clause and not the residual clause found in § 16(b). *See In re Creadell Hubbard*, No. 15-276, __ F.3d __, 2016 WL 3181417, at *3 (4th Cir. June 8, 2016). Although dealing with the standard for review of an application under § 2244 for permission to file a second or successive § 2255 motion, instead of the standard for relief under § 2255, the Fourth Circuit suggested that the residual clause of § 16(b) may also be invalidated by *Johnson*. *Id.* The Supreme Court has granted *certiorari* in *United States v. Beckles*, No. 15-8544, in order to determine whether *Johnson* applies to the career offender guideline.

### III.    Discussion

In this case it is not necessary to decide whether the residual clause in the career offender guideline was invalidated by *Johnson*, and therefore unnecessary to await the Supreme Court's decision in *Beckles*. Similarly, the court need not determine at this time whether CDVHAN is a "crime of violence" under the career offender force clause. While Defendant was categorized as a career offender in the PSR, Defendant's motion for a downward departure was granted and he was sentenced to 240 months, the mandatory minimum sentence under the statute and below the career offender range as calculated in the PSR.

The court found that Defendant was subject to a statutory mandatory minimum sentence and granted the requested downward departure to a sentence below the guideline range for Defendant's career offender status. Defendant was sentenced to 240 months. Therefore, Defendant's sentence was not driven by the career offender guideline, and in fact his career offender status had no ultimate impact on the sentence he received. Defendant himself acknowledges this in his reply. ECF No. 107. Further, Defendant received the lowest possible

4

sentence – the mandatory minimum – prescribed by statute. Accordingly, the possible application of the *Johnson* reasoning to the career offender guideline would provide Defendant no relief.[3]

### IV. Conclusion

Defendant's challenge to his career offender status fails because Defendant received a statutory mandatory minimum sentence and thus was not affected by the application of the career offender guideline. The Government's supplemental motion for summary judgment is granted and Defendant's § 2255 motion is hereby dismissed.

### CERTIFICATE OF APPEALABILITY

The governing law provides that:

> (c)(2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (c)(3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c). A prisoner satisfies this standard by demonstrating that reasonable jurists would find this court's assessment of his constitutional claims is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller-El v. Cockrell,*

---

[3] The Government also asserts that Defendant's motion is barred by procedural default and is untimely. Because the court has determined that *Johnson* offers Defendant no relief, it declines to reach these issues. The court does note that Defendant, in his argument regarding procedural default, argues that his trial counsel did not object to the qualification of the CDVHAN as a career offender predicate. ECF No. 107. The record in the case shows definitively that counsel did so object, and also filed a separate sentencing memorandum on this issue. ECF Nos. 56-3, 57. However, this was overruled by the court at sentencing.

537 U.S. 322, 336 (2003); *Slack v. McDaniel,* 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In this case, the legal standard for the issuance of a certificate of appealability has not been met. Therefore, a certificate of appealability is **denied**.

    **IT IS SO ORDERED.**

<u>s/ Cameron McGowan Currie</u><br>
CAMERON MCGOWAN CURRIE<br>
Senior United States District Judge

Columbia, South Carolina<br>
November 3, 2016

6