IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| United States of America, | Criminal No. 0:11-241-CMC |
|---|---|
| vs. | |
| Karlos Gibson, | **OPINION AND ORDER** |
| Defendant. | |

This case comes before the court on Defendant's *pro se* Motions for Reduction Pursuant to the First Step Act of 2018. ECF No. 111, 114. The United States Probation Office filed a Sentence Reduction Report indicating Defendant does not qualify for relief under the First Step Act. ECF No. 115. The Government filed a response in opposition (ECF No. 116), and Defendant filed a reply (ECF No. 119). For the reasons explained below, Defendant's motions are denied.

Defendant was indicted on February 16, 2011 on two counts: Count 1 charged conspiracy to possess with intent to distribute and to distribute 500 grams or more of cocaine and 280 grams or more of cocaine base, and Count 2 charged possession with intent to distribute 50 grams or more of cocaine base. ECF No. 1. Defendant entered into an Amended Plea Agreement to plead guilty to Count 1, and entered a guilty plea on May 18, 2011. ECF Nos. 46, 49. He was sentenced on August 17, 2011 to 240 months' imprisonment and ten years' supervised release. ECF No. 60.[1]

In 2010, Congress passed the Fair Sentencing Act to reduce the disparity in the treatment of cocaine base and powder cocaine offenses by increasing the quantities of cocaine base required to trigger 21 U.S.C. §§ 841(b)(1)(A) and (B). *See* Pub. L. No. 111-220, 124 Stat. 2372 (emphasis added). The First Step Act of 2018 applied these provisions of the Fair Sentencing Act

---

[1] His sentence was reduced to 204 months on August 3, 2015. ECF No. 82.

retroactively. *See* Pub. L. No. 115-391, 132 Stat. 5194. Under § 404 of the First Step Act, a court that imposed a sentence for an offense covered under the Fair Sentencing Act "may, on motion of the defendant, . . . impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 . . . were in effect at the time the offense was committed." *Id.* Consideration for a reduction in sentence is not available under the First Step Act "if the sentence was previously imposed . . . in accordance with the amendments made by sections 2 and 3 of the Fair Sentencing Act of 2010." *Id.* at §404(b).

Defendant was indicted, pled guilty, and sentenced in 2011 – after the enactment of the Fair Sentencing Act of 2010. His sentence was therefore imposed "in accordance with the amendments" of the Fair Sentencing Act, and he is ineligible for a reduction pursuant to the First Step Act. Accordingly, Defendant's motions pursuant to the First Step Act (ECF Nos. 111, 114) are denied.

**IT IS SO ORDERED**.

s/Cameron McGowan Currie
CAMERON MCGOWAN CURRIE
Senior United States District Judge

Columbia, South Carolina
April 17, 2019